RICHARD J. SMITH, Appellant, v. GEORGE W. WRIGHT et al., Respondents.

Kansas City Court of Appeals, January 30, 1911.

1. **STATUTORY CONSTRUCTION:** Attorney's Lien: Assistant Attorney: Lien: Principal Attorney. If the principal attorney in a case, on his own account and not as agent of his client, employs an assistant attorney, agreeing to pay him a portion of his contingent fee, the assistant attorney is not entitled to a lien for his services on either the client's or the principal attorney's part of the sum recovered. But if such assistant is employed by the principal attorney by authority of the client, he is entitled to a lien on the client's portion of the sum recovered.

2. ———: ———: Equitable Assignment: Legal Remedy. If an assistant attorney is employed by the principal attorney he has his action at law for his fee against the principal attorney and is not entitled to an equitable assignment of the principal attorney's fee to secure what the latter agreed to pay him.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*H. S. Herider* for appellant.

*Sutton & Sutton* for respondent.

ELLISON, J.—Anthanette Heinzle was a minor. She was injured in Kansas City while a passenger on the Metropolitan Street Railway. She brought an ac-

tion for damages through her "next friend." Defendant George W. Wright was employed as attorney by the next friend, to prosecute the suit, and a judgment of ten thousand dollars was recovered, which was affirmed on appeal, the accumulated interest pending the appeal making the total judgment twelve thousand two hundred and three dollars and thirty-three cents. The contract between Wright and the next friend was in writing and provided that he should receive a contingent fee of one-half of whatever sum was recovered from the street railway company.

After the action was begun and while it was pending in the trial court, Wright verbally employed the plaintiff to assist him in the case, agreeing to pay him for his services one-third of the fee he, Wright, was to receive, which would be one-third of one-half of the judgment if any was recovered.

When the judgment was affirmed, the Metropolitan Street Railway paid all but twelve hundred dollars of the amount, and the plaintiff, through her next friend, and with the approval of the probate court, accepted one-half of the total amount thereof as in full of her interest. Wright received the balance, except the $1200 just mentioned, as his fee under the conract, but refused to pay one-third thereof to this plaintiff, alleged to amount to eleven hundred and twenty dollars. Plaintiff thereupon instituted this proceeding in equity, by petition in three counts, alleging, in substance, the foregoing facts, to restrain the Street Railway Company from paying the $1200 to Wright and seeking, in one count, to enforce an attorney's lien for his claim. In another count he asks to be declared "the equitable assignee of the attorney's lien possessed and enjoyed by defendant Wright." In the remaining count he asks to be made the equitable assignee of Wright's lien and that he have "an equitable lien," and that the money yet in the hands of the street railway "be sequestered and appropriated to the payment of his fees."

The names of other attorneys appear in plaintiff's bill, but without explanation of how or why; and there is likewise some discrepancy in the share stated to be agreed to be paid to Wright and to plaintiff and the amount received by the former and claimed by the latter; but this in nowise affects the question presented, and is therefore of no consequence. The street railway company, Anthanette Heinzle and her next friend, and one William B. Sutton, said to claim some interest somewhere in the matter, were joined as formal defendants with Wright.

Defendant Wright demurred to the petition on the ground that it fails to state a cause of action. The trial court sustained the demurrer.

The question presented upon which we must place our decision, is this: A party employs an attorney to prosecute a suit for damages, agreeing to pay him for his services a certain contingent fee or per cent of the amount recovered. That attorney, for himself and not as agent for his client, employs another attorney to assist him, agreeing to pay him a certain part of his contingent fee. A judgment is recovered. Does the statute providing for attorneys' liens, authorize the assistant attorney to enforce a lien for his interest?

It has been said that only the attorney who brings the action as attorney of record, can have a lien for his fee; but that cannot apply to ordinary conditions of the present day, and we are satisfied that an attorney, either at the beginning, or during the progress of the case, is within the purpose and protection of the statute. [Jackson v. Clopton, 66 Ala. 29; Balsbaugh v. Frazier, 19 Pa. St. 95, 99.] And such assistant may enforce such lien under the statute, though he was employed by the principal attorney, if the latter made the employment for the client and by his authority. Such were the cases of Harwood v. LaGrange, 137 N. Y. 538; People v. Pack, 115 Mich. 669, and others.

Smith v. Wright.

But neither of these instances is this case. Here, there is no pretense of employment by the client. The employment claimed was by the original attorney on his own account, the compensation to be paid by him. No case has been cited which affords any ground for the proposition that an attorney may employ assistant counsel in his own behalf, with the result that the assistant will have a statutory lien on the principal attorney's fee. The statute does not contemplate such condition of case. The statute stands for a lien to secure a fee from a client who has a cause of action, and not one due from one attorney to another.

Referring again to the two other counts in plaintiff's petition, we cannot see any ground, in the way contemplated by those counts, for permitting a proceeding in equity to supplant the ordinary action at law for the ordinary legal claim which plaintiff has against Wright.

We are satisfied the judgment should be affirmed. All concur.