MADDAS v. COMMISSIONER OF INTERNAL REVENUE.

No. 7415.

Circuit Court of Appeals, Third Circuit.

July 17, 1940.

Earl F. Reed, John E. Laughlin, Jr., Lee W. Eckels, and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for respondent.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner, in addition to his numerous other business enterprises was an officer and large stockholder of a brewing company. During 1920, 1921 and 1922 the company illegally sold real beer but in the guise of near beer. All receipts from these sales above the market price for near beer were turned over to the petitioner with no obligation on his part to account for the money to the company. It was understood and agreed, however, that so much of the money as was necessary was to be used by the petitioner to purchase "protection" from prohibition officers, to pay fines incurred by customers and to post bonds for customers. The petitioner received $700,000 in 1920, of which he turned back to the company $27,000; $500,000 in 1921, of which he returned $400,000; $500,000 in 1922, of which he returned $80,000. The petitioner did not report any part of the sums so received in his income tax returns for the years 1920, 1921 and 1922. In 1935 the Commissioner of Internal Revenue assessed deficiencies for the total of the sums so received and added 50% fraud penalties.

Upon appeal to the Board of Tax Appeals the petitioner contended that the Commissioner's right to assess deficiencies was barred five years after the making of the returns by reason of the limitation provided in the Revenue Act of 1918, c. 18, sec. 250(d), 40 Stat. 1057, 1083, and the Revenue Act of 1921, c. 136, sec. 250(d), 42 Stat. 227, 265. The Board found that the returns were false and fraudulent with intent to evade the tax and that the statutes of limitations were, therefore, inapplicable. It found that the petitioner's taxable "net income as reported by him was fraudulently understated by at least $500,000 for the year 1920, by at least $100,000 for the year 1921, and by at least $400,000 for the year 1922." 40 B.T.A. 571.

The petitioner would have us infer from the Board's fact findings above summarized that he received the moneys from the company as agent or trustee and to conclude therefrom that he was under no duty to report their receipt in his income tax returns since it was not his income. The Board found that the petitioner "relied upon others to prepare his returns for him, and the parties who prepared the returns in question advised petitioner that he did not have to report these amounts in his taxable income as they were not petitioner's income. Petitioner signed and swore to the correctness of the returns." The petitioner would have us infer from these findings that he could have had no intent to evade the tax.

We are again asked to do that which the Supreme Court has said many times we may not do, that is, substitute our judgment as to the facts for that of the Board of Tax Appeals. Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L. Ed. 1343; General Utilities Co. v. Helvering, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L. Ed. 154; Elmhurst Cemetery Co. v. Commissioner, 300 U.S. 37, 40, 57 S.Ct. 324, 81 L.Ed. 491. Our only function upon review, after the Board has weighed the evidence and declared the result, is to determine whether there is substantial evidence to sustain the Board's conclusion. There is no different rule when the issue for determination is whether the taxpayer has been guilty of fraud and concealment in connection with the report of his true income. Helvering v. Kehoe, 309 U.S. 277, 60 S.Ct. 549, 84 L.Ed. 751.

The record before us contains only the fact findings by the Board. We think the evidentiary findings as to the banking devices used by the petitioner for the concealment of the moneys so received, as to his business experience and ability, as to the use by the petitioner in one instance of the corporate device to reduce his ultimate income tax liability, as to his active management of many businesses of divergent types, form a substantial basis for the Board's ultimate finding that the returns were false, were fraudulent and were made with intent to evade tax.

The decision of the Board of Tax Appeals is affirmed.