STATE OF MISSOURI at the relation of MASSMAN CONSTRUCTION COMPANY, Relator, v. PAUL A. BUZARD, Judge of Division No. 8, Circuit Court of Jackson County, and THOMAS E. DEACY.—145 S. W. (2d) 355.

Division One, December 11, 1940.

*Martin J. O'Donnell* for relator.

1164

*Henderson, Deacy, Henderson & Swofford* for respondents.

HYDE, C.—This is an original proceeding in prohibition. Relator seeks to prohibit respondent Judge from proceeding, in the case of Nelson v. Massman Construction Company, to hear and determine the petition of respondent Deacy (hereinafter referred to as petitioner) to establish a lien for an attorney's fee, against the judgment in favor of Nelson, and to recover the amount thereof from relator.

The ground for prohibition is that petitioner has not stated a cause of action and under the admitted facts cannot state a cause of action. [State ex rel. Smith v. Joynt, 344 Mo. 686, 127 S. W. (2d) 708; State ex rel. National Refining Co. v. Seehorn, 344 Mo. 547, 127 S. W. (2d) 418; State ex rel. Johnson v. Sevier, 339 Mo. 483, 98 S. W. (2d) 677; State ex rel. Hog Haven Farms v. Pearcy, 328 Mo. 560, 41 S. W. (2d) 403; State ex rel. Hyde v. Westhues, 316 Mo. 457, 290 S. W. 443.] The original trial in this case resulted in a judgment in favor of petitioner for $750. Relator was held on the theory that petitioner had a lien for his fee, on Nelson's judgment

against relator; and that relator paid the judgment to plaintiff in disregard of his rights. On appeal, this judgment was affirmed by the Kansas City Court of Appeals. [Nelson v. Massman Construction Co., 120 S. W. (2d) 77.] Reference is made to that opinion for the facts, as to relator's payment of the judgment, therein fully stated. That opinion was brought here on certiorari and quashed, on the ground of conflict with our decisions, for the reason that petitioner therein alleged and went to trial on a specific contract and was permitted to recover on appeal (without amendment below) on the different theory of an implied contract. [State ex rel. Massman Const. Co. v. Shain, 344 Mo. 1003, 130 S. W. (2d) 491.] Thereafter, the Kansas City Court of Appeals (without written opinion) entered an order reversing the judgment and remanding the cause to the Circuit Court of Jackson County for further proceedings. Petitioner was given leave to file an amended petition by the circuit court after remand. Relator's motion to strike this petition, as a departure and on other grounds hereinafter referred to, was overruled. Thereupon relator (given ten days to plead in the circuit court) sought to stop further proceedings by prohibition.

Petitioner's original petition alleged that he "was associated with the law firm of Jacobs & Henderson, a co-partnership, . . . in the practice of law in Kansas City;" that "prior to the 10th day of February, 1932, said firm of Jacobs & Henderson and your petitioner were employed by Thomas Nelson, the plaintiff" to sue relator; that "it was the understanding and agreement *between petitioner* and said firm of Jacobs & Henderson *and said Thomas Nelson* that petitioner should receive for his services a sum equal to twenty-five per cent of the total fee" (which was 50% of the amount recovered): that petitioner rendered certain services, detailed; and that, upon successful termination of the case, "petitioner was and is entitled to the sum of $800.00, same being the amount of his attorney's fees under the understanding and agreement between petitioner and the plaintiff in this cause of action."

The trial court in entering judgment for petitioner (for $750), made the following finding:

"The court finds that said law firm of Jacobs & Henderson had an agreement with Thomas Deacy, by virtue of which Thomas Deacy should receive twenty-five per cent (25%) of any case in which he rendered service and that this agreement applied to the case of Nelson v. Massman Construction Company.

"The court finds that the law firm of Jacobs & Henderson entered into a contract with Thomas Nelson, by virtue of which it was agreed that the law firm should receive one-half or fifty per cent (50%) of the amount of any judgment recovered in full payment of all 'fees due from Thomas Nelson to said law firm."

The evidence in the original trial, as to the relations and arrangements between petitioner and the firm of Jacobs & Henderson, is not set out in the opinion of the Court of Appeals. We do not have any information about this from the record herein (or from our records) except what appears in the pleadings and in the above findings of fact. The ruling of the Court of Appeals on this matter (based upon evidence not before us) was as follows:

"Under the evidence in this case, we conclude that movent Deacy stands in a position of an independent lawyer called into the case by the firm of Jacobs & Henderson. The evidence clearly discloses that Mr. Deacy was not a member of the law firm, and not, therefore, a party to and a joint obligee in the contract between Mr. Nelson and Jacobs & Henderson. It follows that Mr. Deacy has no right that he can assert directly upon the Nelson contract with the law firm. We conclude that any right to a lien on the judgment involved herein, if any, that Mr. Deacy may have must arise from the fact that he did valuable service with full knowledge and consent of Mr. Nelson." [Nelson v. Massman Construction Co., 120 S. W. (2d) l. c. 88.]

The amended petition filed by petitioner after the cause was remanded to the trial court by the Court of Appeals alleged that he "was not a member of said law firm or partnership at any of the times herein mentioned;" that prior to February 10, 1932, the firm was employed by Nelson to file suit against defendant; and that the terms of their agreement were "the firm of Jacobs & Henderson . . . shall receive as compensation for legal services rendered and to be rendered in said cause a sum equal to 50% of any and all sums which might be recovered." The petition then states:

"Your petitioner states that he was not a party to said contract and agreement between the said Thomas Nelson and said law firm of Jacobs & Henderson, but that subsequent to the date said contract and agreement was entered into between the said law firm of Jacobs & Henderson and said Thomas Nelson, and prior to the 10th day of February, 1932, your petitioner was employed by the said law firm of Jacobs & Henderson with full knowledge and acquiescence on the part of the said Thomas Nelson to aid and assist in the investigation, preparation and trial of said suit, with the understanding and agreement between your petitioner and the said law firm of Jacobs & Henderson that your petitioner should receive as compensation for services rendered and to be rendered by him in said cause, a sum equal to 25% of the total fee which might become due and payable unto said law firm in said cause."

The petition then proceeds to allege what work petitioner did in the case "with full knowledge and acquiescence of said Thomas Nelson;" that he appeared in court at the trial as one of plaintiff's attorneys of record "with the full knowledge, consent and acquiescence of the plaintiff;" that he also "with his full knowledge and

acquiescence personally appeared in the Kansas City Court of Appeals as attorney of record for the said Thomas Nelson, and argued said cause in his behalf;'' that such services and appearances ''were with the full knowledge, consent and acquiescence of said Thomas Nelson;'' that ''such services were valuable (reasonable value of $804.00 alleged) and were accepted and received by said Thomas Nelson;'' and that petitioner had never been paid and claimed ''a lien against the judgment in this cause for $804.00.''

This amended petition evidently was drawn to conform to the ruling of the Court of Appeals with regard to the rights of petitioner to a lien, which was as follows:

''*Whatever was the understanding* or belief *on the part of Mr. Nelson, as to how Mr. Deacy was to be paid for his services in the case, has but little bearing upon the question as to whether Mr. Deacy had a lien for his services.* Under the facts as shown in this case, no additional cost was imposed upon Mr. Nelson for the services rendered by Mr. Deacy. Mr. Jacobs and Mr. Henderson had a perfect right to secure the services of Mr. Deacy in this case, and to contract for such services upon a basis of a per cent of the contingent fee agreed upon with Mr. Nelson. Such a·contract was made with Mr. Deacy. Mr. Nelson had full knowledge of the services rendered in the case,· and accepted same and received the fruits of same. The movent herein is not seeking to collect his fee by action against Mr. Nelson. Neither is the movent herein seeking to collect his fee by action against Mr. Jacobs or Mr. Henderson, or against both jointly. *The fact that Mr. Deacy could or could not pursue such remedy does not affect his rights herein.*'' [Nelson v. Massman Const. Co., 120 S. W. (2d) l. c. 88.]

We think that the italicized part of this ruling is clearly wrong and in direct conflict with the decision of this court in Mills v. Metropolitan Street Ry. Co , 282 Mo. 118, 221 S; W. 1. Instead of the ''understanding . . . on the part of Mr. Nelson, as to how Mr. Deacy was to be paid for his services in the case'' having ''little bearing upon the question as to whether Mr. Deacy had a lien for his services,'' it is actually decisive upon that question. Instead of it being correct to say that ''the fact that Mr. Deacy . . . could not pursue such remedy ('collect his fee by action against Mr. Nelson') does not affect his rights (to a lien) herein,'' exactly the contrary is true: Namely (as said in the Mills case, supra) ''there can be no lien in favor of the attorney unless there be a contract debt due him from the client.'' Likewise, as also there stated, ''in a suit by the attorney against defendants for settling with the client in disregard of his claimed lien, the defendants are entitled to defend on the same grounds that the client could were he sued by the attorney for the alleged fees.'' Therefore, as held therein, ''to establish the lien, the

contract giving it birth must be specifically pleaded and proved."
[See also Kersey v. O'Day, 173 Mo. 561, 73 S. W. 481.]

█ This ground of conflict was not ruled in the certiorari case (130 S. W. (2d) 491) because it was not therein raised by relator. However, it is raised now on the contention that the amended petition herein does not state a cause of action, with which we agree. This is true because the present petition is drawn on the erroneous theory of the Court of Appeals' opinion that it is not necessary to state a cause of action against Nelson for payment of the fee in order to have the lien claimed against the judgment. Neither knowledge and acquiescence on his part as to private arrangements between petitioner and Jacobs and Henderson, as their assistant, nor consent that, under such arrangements, he should act as an attorney of record in the case and at the trial would be sufficient to make Nelson liable to petitioner for payment of a fee. [See 7 C. J. 849, sec. 65b.] It is elemental that to show an implied contract, because of benefit received from services rendered, "it must be shown, not only that the services were valuable, but also that they were rendered under such circumstances as to raise the fair presumption (it would be clearer to say 'circumstances from which it would be a reasonable inference') that the parties intended and understood that they were to be paid for" by the party sought to be charged; or (otherwise stated) that they were rendered under such circumstances "that a reasonable man, in the same situation with the person who receives and is benefited by them, would and ought to understand that compensation was to be paid for them" by him. [Taussig v. St. Louis & Kirkwood Ry. Co., 166 Mo. 28, 65 S. W. 969, and cases cited; Wagner v. Edison Electric Illuminating Co., 177 Mo. 44, 75 S. W. 966 (see criticism of instructions in this case); 7 C. J. S. 1044, sec. 177b; 7 C. J. S. 123, sec. 22b.] If petitioner's relationship to the case was *solely* based on his employment by Jacobs and Henderson to aid them, then Nelson had no reason to believe that he looked to him for payment of compensation.

The question here, therefore, is: Was petitioner hired by Jacobs & Henderson as their assistant or was he hired by Nelson as one of his lawyers? The former, rather than the latter, is the reasonable inference from the facts stated in the petition; and it is apparent, as herein above shown, that the Court of Appeals erroneously ruled that petitioner could have a lien on the judgment in that situation. Petitioner can only show his right to a lien by showing he rendered his services in the case in circumstances under which the reasonable inference would be that Nelson understood, or should have understood, petitioner expected payment therefor from him. It would make no difference, of course, if Nelson expected to pay petitioner as well as Jacobs and Henderson out of the 50% contingent fee, if he expected to pay him at all; but it is not enough for petitioner to merely show

that he could recover from Jacobs and Henderson or either of them. [Kersey v. O'Day, supra; see also Smith v. Wright, 153 Mo. App. 719, 134 S. W. 683; Woodruff v. Rusk (Mo. App.), 76 S. W. (2d) 709.] In short, to state a cause of action against relator, petitioner must show that he has the right to recover from Nelson in a suit against him alone. A petition that fails to state a cause of action against Nelson for payment of petitioner's compensation fails to show a right to a lien therefor on his judgment, and, therefore, fails to state a cause of action against relator for destroying his lien. Relator could not destroy something that never existed.

■ However, this does not mean that relator is entitled to prohibition against the trial court. This is because we cannot sustain the other part of his claim that under the admitted facts petitioner cannot state a cause of action. The trouble is that we do not have admitted facts about his relation to the case, either in this record or in the opinion of the Court of Appeals. We have only some isolated facts and not the whole picture. The fact that petitioner originally sought recovery on an express contract with Nelson, and failing to prove it, now seeks to recover on an amended petition on the theory of an implied contract is not ground for prohibition. The Court of Appeals had authority to remand the case to permit such an amendment, as this court held in Mills v. Metropolitan Railway Co., supra. We have also frequently held, when there is evidence tending to show plaintiff has rights growing out of the transaction involved, but has misconceived the remedy, an appellate court "has discretion in the matter, and may remand the cause to permit the petition to be amended, and a retrial of the cause." [Mann v. Bank of Greenfield, 323 Mo. 1000, 20 S. W. (2d) 502; Williams v. Walker, 333 Mo. 322, 62 S. W. (2d) 840; Barlow v. Scott (Mo.), 85 S. W. (2d) 504; Fancher v. Prock, 337 Mo. 1119, 88 S. W. (2d) 179; Patzman v. Howey, 340 Mo. 11, 100 S. W. (2d) 851.] Since we do not have the evidence, in the first trial, before us, we cannot say on this record that the Court of Appeals abused its discretion and acted arbitrarily in remanding the case. It is not claimed that any further action was barred by the Statute of Limitations. [See Sandwich Mfg. Co. v. Bogie, 317 Mo. 972, 298 S. W. 56.] Certainly, therefore, it was not the duty of the trial court to refuse to proceed in the case or to strike out the amended petition on the ground of departure.

■ Moreover, in this case, relator has certainly not exhausted its remedy in the trial court. It did not file a demurrer to plaintiff's amended petition on the ground that it failed to state a cause of action or even state any such ground in its motion to strike. Neither can we sustain defendant's further ground in the motion to strike, "that the determination of the said issue against the said Thomas E. Deacy by the Supreme Court in the said certiorari proceedings is *res judicata* and prevents the same Thomas E. Deacy from

recovering anything from this defendant in this action.'' The certiorari proceeding was not *res judicata* because it did not end the case. It only quashed the opinion of the Court of Appeals affirming the judgment in petitioner's favor, and it still left the case to be determined by the Kansas City Court of Appeals on any other applicable grounds not in conflict with the rulings of this court. Nothing in the certiorari decision prevented the result thereafter reached; namely, reversal and remand. [See State ex rel. Alton Ry. Co. v. Shain, 346 Mo. 681, 143 S. W. (2d) 233, l. c. 240.] We, likewise, on authority of Mills v. Metropolitan Railway Company, supra, find no merit in relator's grounds, in the motion to strike, of lack of jurisdiction in the trial court to hear and determine this kind of proceeding on the merits. [See also State ex rel. Anderson v. Roehrig, 320 Mo. 870, 8 S. W. (2d) 998.]

The preliminary rule in prohibition is discharged. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.