**UNITED STATES v. PHILLIPS et al.**

No. 13834.

United States Court of Appeals
Fifth Circuit.

July 31, 1952.

Carolyn R. Just, Ellis N. Slack, and Morton K. Rothschild, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Brian S. Odem, U. S. Atty., William R. Eckhardt, Asst. U. S. Atty., Houston, Tex., for appellant.

A. Jackson Eastham, Ernest A. Knipp, Houston, Tex., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

In the trial Court, the United States of America and the University State Bank each sought by a claim in the bankruptcy Court to recover the proceeds of an indebtedness of Harris County to N. E. Cumings, a bankrupt. The material facts are not in dispute and are fairly stated in the Government's brief, as follows: "The tax delinquent, N. E. Cumings, executed a notice on October 15, 1947, that he intended to assign to the University State Bank, Houston, Texas, hereinafter called the Bank, one or more accounts receivable, the notice to be effective for a period of three years from its date. This notice was filed in the office of the County Clerk of Harris County, Texas, on October 18, 1947.

"On the following dates federal tax liens in the respective sums shown below were filed for record in the County Clerk's office:

| | |
|---|---|
| January 29, 1948 ........\$ | 468.66 |
| November 18, 1948 ...... | 321.93 |
| February 7, 1949 ........ | 764.66 |
| Total .............\$1,555.25 | |

"On February 18, 1949, the tax delinquent executed an assignment of an account receivable due from Harris County in the sum of $1,965 to the Bank. On the same date he executed a promissory note to the Bank in the sum of $1,800, due thirty days after February 18, 1949.

"An involuntary petition for bankruptcy was filed against the tax delinquent on September 28, 1949, and on October 17, 1949, he was adjudged a bankrupt. On March 23, 1950, the trustee in bankruptcy filed a petition alleging that there was about $2,200 due the bankrupt from Harris County and that the County was withholding payment for the reason that two parties, the Bank and the Collector of Internal Revenue, had both filed claims for the funds. Harris County admitted that it owed the bankrupt $2,185.88 and asked that it be discharged from all liability by paying the fund, less an attorney's fee, to the trustee. After a hearing the Referee ordered that Harris County be allowed an attorney's fee of $250 and that the balance should be paid to the trustee. The Referee also ordered that after administration expenses had been deducted from the sum received by the trustee from Harris County, the remainder should be pro-rated between the Bank and the Collector of Internal Revenue. The Government filed a petition for review of the Referee's order, and the Bank filed a cross-petition. Whereupon the District Court decided that the entire balance of $1,935.88 after deduction of the administration expenses, should be paid to the Bank. From that decision, the Government appealed to this Court."

It is the contention of the United States that the District Court erred in holding that the Bank's lien, which was not perfected until after notice of the federal tax liens had been filed with the County Clerk, was superior to the Government's lien.

■■ The judgment of the Court was induced by its consideration of the notice of assignment filed in accordance with the provisions of the Texas statute providing for the protection of assignment of accounts by filing for record a "'Notice of Assignment'" [1] and its view that the validity and superiority of the assignments was controlled by the decision of this Court in Second National Bank v. Phillips, Trustee, 189 F.2d 115. The Government contends, correctly we think, that reliance upon our former decision was improper since it dealt with the respective rights of private creditors of a bankrupt and no question of the rights of the Government to enforcement of federal tax liens duly recorded prior to the assignment of a specific account, from which arises the proceeds immediately involved, was there in issue, and consequently not ruled. In that decision we also noted that the statute had not been then construed by the Texas Court. In a case subsequently decided by the Court of Civil Appeals of Texas, Fourth District, Keeran v. Salley, 244 S.W.2d 663, 666, the Court apparently restricts the effect of Article 260-1 to cover only accounts which evidence, as provided by the statute, "'an existing or future right to the payment of money *presently* due, or to become due *under an existing contract:* * * *'" and holds that where the contract from which the assigned account arises is not in existence at the time of the notice of assignment, the prior record of a general notice of assignment does not protect the assignee against the priority of claim of a plaintiff in garnishment who serves the writ of garnishment prior to the time such assignee received an assignment of the disputed account or fund. While we are not of the opinion that this holding is inconsistent with our own, we need not stop to consider the precise effect of it upon our decision for it is not necessary to do so in this case where the Government seeks to assert a lien for unpaid federal taxes as provided by Sections 3670, 3671 and 3672 of the Internal Revenue Code, 26 U.S.C.A. §§ 3670–3672. Whatever may be the effect of the Texas statute as between ordinary creditors the effect of the provisions and purpose of the cited sections rendered the federal tax lien superior in right to an attempted assignment of a specific account made after the federal tax lien has been duly recorded. In view of the provisions

1. Texas Revised Civil Statutes, Article 260–1, Vernon's Ann.Civ.St. art. 260–1.

and effect of these sections of the Internal Revenue Code there is no room or occasion for the application of any doctrine of relation back to the original general assignment so as to use its provisions as a means of protection and completion of a lien antecedent to the Government's recorded tax lien. The prior recorded tax lien is not displaced or subordinated by the subsequent assignment of a specific account made to secure the present advance of money.[2] As presently in force, Section 3672 provides that such lien "shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector". The meaning of the statute is that after the notice of lien has been filed such lien is enforceable against any mortgagee, pledgee, purchaser, or judgment creditor of the tax delinquent whose interest in the property and right to property belonging to such tax delinquent arises, or is created, subsequent to the recording of the tax lien, save as to securities, which are excepted by the plain terms of the statute.[3] We conclude that in a contest of claim to the proceeds of the account in question, which was assigned by the tax delinquent subsequent to the filing of the federal tax lien, such tax lien was superior in right to the claim of the Bank as assignee of such account. The trial Court erred in holding to the contrary.

The above ruling disposes of the question directly presented by this appeal as to the priority of the three items of tax for which notices of liens were recorded prior to the assignment of the Harris County account to the Bank. It follows that the decision of the Referee which granted priority to these tax liens was correct and should have been affirmed by the trial Court. There is no complaint here as to the proration ordered of the balance remaining of the proceeds of this account after proportionate deduction of attorneys fees and expenses of administration between the first and second liens. However, in its brief, appellee contends that the case is one which properly requires application of the equitable doctrine of marshaling of assets and that the amount of other accounts seized, and which the Referee determined should be applied in diminishment of the aggregate claim for taxes, should have been applied to the oldest tax lien. We do not think so. The facts upon this point were not fully developed by the Bank, which had the burden of establishing its claim of marshaling of assets and application of payment, and we are not prepared to hold that equity required any different result from that reached by the Referee. It is by no means clear that the relief sought can be granted without injustice to the Government. It appears that no matter what application of payment may be made the greater portion of the tax claim of the Government will never be paid or satisfied.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

2. Cf. United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705; Detroit Bank v. United States, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304; State of Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312.

3. United States v. Security Tr. & Sav. Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L. Ed. 53; Glass City Bank v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L. Ed. 56.