**UNITED STATES v. MADDAS et al.**

Civ. A. 6432.

United States District Court
W. D. Pennsylvania.

Jan. 15, 1953.

Charles S. Lyon, Asst. Atty. Gen., Andrew D. Sharpe and Homer R. Miller, Special Assts. to Atty. Gen., Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert Wm. Garland, Jeannette, Pa., Solicitor for defendant City of Jeannette.

Robert M. Carson, Greensburg, Pa., Solicitor for defendant Westmoreland Co.

Everett S. C. Sorber, Jeannette, Pa., Solicitor for defendant School Dist. of Jeannette.

GOURLEY, Chief Judge.

This is a proceeding by the United States of America to enforce and foreclose certain tax liens against Frank A. Maddas, taxpayer, and those who claim a proprietary interest in the property of the debtor, pursuant to Section 3678 of the Internal Revenue Code, 26 U.S.C.A. § 3678.

The defendants, Frank A. Maddas, Laura C. Maddas, his wife, Nick J. Gentile and First Jeannette Bank and Trust Company, have not appeared or filed answers to the complaint and the United States of America is entitled to the relief prayed for in the complaint.

The defendants who contest the claim of the United States of America are:

(1) County of Westmoreland, Pennsylvania.

(2) City of Jeannette, Pennsylvania.

(3) School District of Jeannette, Pennsylvania.

Each of said defendants is a local taxing unit of the Commonwealth of Pennsylvania within the jurisdiction of the court, which assert tax liens against the real estate interests of the debtor, Frank A. Maddas, and which maintain that said tax liens have priority over the tax liens of the United States of America.

Action was instituted on April 15, 1947 and the facts are not in dispute, so that the determination herein must relate itself solely to the law.

The taxpayer filed income tax returns for the years 1920, 1921 and 1922, which were false and fraudulent and filed with the intention to evade federal taxes.

On August 10, 1935, the Commissioner of Internal Revenue made jeopardy assessments of income taxes for 1920 to 1922, inclusive, in the total amount of $2,570,663.70, including penalties and assessed interest. The assessment list was signed by the Commissioner and was scheduled to and received by the Collector at Pittsburgh, Pennsylvania, on August 12, 1935. Notice and demand were made on August 13, August 24 and September 4, 1935. Notices of tax liens were duly filed by the collector with the clerk of the United States District Court for this District and the Prothonotary of Westmoreland County, on or about July 27 and July 29, 1939.

Prior to July 27 and July 29, 1939, the County of Westmoreland, City of Jeannette and School District of Jeannette levied and assessed real estate taxes for 1939 against the property of the taxpayer in the following face amounts:

County .......................... $136.75
County Institution District....... 41.03
City ............................ 437.60
School .......................... 574.35

Total ......................$1189.73

These taxes became liens against the real estate of taxpayer on the following dates:

County .....................Jan. 20, 1939
County Institution District and
City .....................Feb. 25, 1939
School .....................May 8, 1939

The above mentioned local taxes remaining unpaid were returned by the City Treasurer of the City of Jeannette and ex-officio tax collector for taxes assessed on property lying therein unto the County Treasurer of Westmoreland County and the same remaining unpaid, the property of the taxpayer was exposed to sale by the Treasurer of Westmoreland County on April 23, 1942, and was at that sale purchased by the County Commissioners of Westmoreland County as trustees for the various taxing authorities herein named, and the properties have never been redeemed by the payment of these taxes.

The commissioner duly mailed to the taxpayer a 90-day notice of the assessments of federal taxes referred to above on or about September 17, 1935. These taxes were subsequently reduced by payment and abatements leaving outstanding unpaid taxes, penalties and interest as follows:

| Year | Amount |
| --- | --- |
| 1920 | $666,942.60 |
| 1921 | 108,291.80 |
| 1922 | 478,392.13 |

The taxpayer appealed to the Board of Tax Appeals (now the United States Tax Court) which sustained the validity of the Commissioner's assessments, 40 B.T.A. 572, and upon appeal the decision of the Board of Tax Appeals was affirmed. Maddas v. Commissioner, 3 Cir., 114 F.2d 548.

In its decision the Board of Tax Appeals determined total deficiencies and penalties of $877,789.02. No part of this amount has been paid and there is now due and owing that amount plus assessed interest of $378,894.51, a total of $1,256,683.53, together with accrued interest as provided by law thereon from the dates of assessment.

On September 29, 1940, the Board of Tax Appeals (now the United States Tax Court) entered an order determining a deficiency in income taxes against the taxpayer for 1936, in the amount of $7,420.56. The taxpayer took no appeal from this decision.

On January 3, 1941, the commissioner assessed a deficiency in tax for 1936 of $7,420.56, plus interest of $1,707.16, or a total of $9,127.72. The commissioner's assessment list signed by him was scheduled to and received by the Collector of Internal

Revenue at Pittsburgh, Pennsylvania, on or about January 5, 1941. Notice and demand for payment were made upon the taxpayer by the collector on or about January 5, 1941, but no part thereof has been paid.

The taxpayer submitted a written offer in compromise of deficiencies, taxes, penalties and interest assessed for the years 1920, 1921, and 1922, dated July 12, 1937, which was received by the Collector of Internal Revenue at Pittsburgh, on the same date. Amended offers for the same years were submitted in writing by the taxpayer on May 6 and May 9, 1938, and were rejected by the commissioner on September 6, 1938.

The taxpayer also submitted a written offer in compromise for these same taxes dated September 23, 1940, which was received by the Collector at Pittsburgh on or about September 27, 1940, and was withdrawn by the taxpayer by letter dated October 31, 1941.

The taxpayer also submitted a written offer in compromise for income tax liabilities for the years 1920, 1921, 1922 and 1936, dated May 7, 1945, which was received by the Collector at Pittsburgh on May 11, 1945. A corrected amended offer including the tax liabilities of the taxpayer for 1939 dated May 7, 1945, was received by the collector on October 31, 1946, and was rejected by the United States Attorney General on January 21, 1947.

In making each of the above offers and amended offers the taxpayer expressly agreed in writing as part of each of the offers and amended offers to waive the benefit of any statute of limitations applicable to the assessments and/or collection of the liabilities sought to be compromised and agreed to the suspension of the running of the statutory period of limitations on assessments and/or collections during the period which these offers were pending or during which any installment remained unpaid and for one year thereafter which waivers were duly accepted for and on behalf of the commissioner by the Collector of Pittsburgh.

The waivers mentioned above were not recorded in Westmoreland County, and neither the County, City nor School District was notified of the same.

The taxpayer was at all times from and long prior to August 12, 1935, down and subsequent to July 29, 1939, and until April 23, 1942, the date of the sale to the County Commissioners, the owner of the real estate described.

Since 1939, the County of Westmoreland, the Institution District of the County of Westmoreland, the City of Jeannette, and the School District of the City of Jeannette have caused various described real estate taxes to be levied and assessed against the real property standing in the name of the taxpayer, which taxes have not been paid but have been returned by the City Treasurer of the City of Jeannette and ex-officio tax collector therein, unto the County Treasurer of Westmoreland County, for collection, and the premises bound thereby have been exposed by the County Treasurer for sale and have been purchased by the County Commissioners of Westmoreland County, as trustees for themselves and other local tax levying authorities as shown by the following table:

| Year | County | Institution District | School Tax | City | Total | Date of Sale |
|------|--------|----------------------|------------|------|-------|--------------|
| 1940 | 115.88 | 51.50 | 574.35 | 437.60 | 1,179.33 | 8/17/42 |
| 1941 | 115.88 | 51.50 | 540.75 | 412.00 | 1,120.13 | 2/23/44 |
| 1942 | 154.50 | 12.88 | 540.75 | 412.00 | 1,120.13 | 8/ 7/44 |
| 1943 | 154.50 | 6.44 | 540.75 | 412.00 | 1,113.69 | 12/10/45 |
| 1944 | 154.50 | 6.44 | 540.75 | 412.00 | 1,113.69 | 2/16/48 |
| 1945 | 141.63 | 25.75 | 540.75 | 412.00 | 1,120.13 | 8/ 2/48 |
| 1946 | 139.20 | 23.20 | 487.20 | 371.20 | 1,020.80 | 8/ 2/48 |
| 1947 | 145.00 | 17.40 | 533.60 | 394.40 | 1,090.40 | 8/ 7/50 |
| 1948 | 145.00 | 17.40 | 533.60 | 371.20 | 1,067.20 | 8/ 7/50 |

In addition to the taxes set out immediately above upon which the County Treasurer's sales have been held, as above set forth, taxes have been levied and assessed against the property standing in the name of the taxpayer by the County, Institution District, the City of Jeannette and the School District as shown in the following table:

| Year | County | Institution District | School | City | Total |
|------|--------|----------------------|--------|------|-------|
| 1949 | 185.60 | 23.20 | 533.60 | 371.20 | 1,113.60 |
| 1950 | 185.60 | 23.20 | 533.60 | 371.20 | 1,113.60 |

Under the laws of the Commonwealth of Pennsylvania, taxes assessed and levied by local taxing authorities when the same become delinquent, become payable with a penalty of 5% added on the first day of October of the year in which they are assessed, and interest at the rate of 6% per annum becomes due and payable thereon from the first Monday of May following the year of the levy and assessment of these taxes.

The immediate problem for consideration is whether the taxes due the United States are barred by the statute of limitations, since suit herein was brought on April 15, 1947, and the delinquencies for 1920 and 1922 were assessed on August 10, 1935.

The Internal Revenue Code provides that if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount including interest, penalties and additional amounts, together with costs shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to the debtor. 26 U.S.C.A. § 3670.

The Code further provides that such lien (unless other time is specified) shall arise at the time the assessment list was received by the collector and "shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C.A. § 3671.

It is clear that the liens of the United States are valid and effective because the taxes secured by them are unsatisfied.

It is stipulated the liabilities of the taxpayer for the years 1920 to 1922, inclusive, in the total sum of $1,256,683.53, plus interest, have not been satisfied and are due and owing. There are assessed and outstanding against taxpayer income taxes for 1936 of $9,127.72, plus interest.

It is to be noted that the assessments against the taxpayer for the years 1920 and 1922, and assessed August 10, 1935, were sustained by the United States Court of Appeals for the Third Circuit, Maddas v. Commissioner, 114 F.2d 548.

The taxpayer had filed income tax returns for 1920, 1921 and 1922, which were false and fraudulent and filed with the intention to evade federal taxes.

Where false and fraudulent returns are filed with intent to evade taxes, assessments can be made at any time. 26 U.S.C.A. § 276(a).

It is true, however, that suits for collection must be instituted within six years from the date of the assessment.

Nevertheless, such six year limitation for instituting suits for collection may be extended during periods agreed upon in writing between the Commissioner and taxpayer. 26 U.S.C.A. § 276(c).

In view of the collection and assessment waivers executed in connection with the offers in compromise, this suit was timely filed. All of the waivers or agreements between taxpayer and commissioner contained in the offers agreed to the suspension of the statute of limitations during the periods each of the offers were pending and for one year after the expiration of each of these periods.

Under these waivers or agreements the time for institution of proceedings for collection of the taxes for 1920, 1921 and 1922, was extended for the following periods:

July 12, 1937 to September 6, 1938, and 1 year thereafter (a total of 2 years, 1 month, 25 days).

September 27, 1940 to October 31, 1941, and 1 year thereafter (a total of 2 years, 1 month, 4 days).

May 11, 1945 to January 27, 1947, and 1 year thereafter (a total of 2 years, 8 months, 16 days).

The total time suspended by the waivers was therefore 6 years, 11 months and 15 days which extended the period for suit for that time in addition to the statutory six years period. Except for such extensions the statute of limitations for bringing suit on liens for 1920, 1921 and 1922 would have expired on August 10, 1941, or six years from the date of the assessment. But by virtue of the execution of the waivers the time for filing suit was extended an additional 6 years, 11 months and 15 days, or until July 25, 1948. Since this suit was filed on April 15, 1947, it was timely filed.

■ Waivers extending the time for assessment pursuant to Section 276(b) of the Internal Revenue Code, also operate to extend the time for collection. Florsheim Bros. Dry Goods Co. v. United States, 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542; Stange v. United States, 282 U.S. 270, 51 S.Ct. 145, 75 L.Ed. 335.

■ Furthermore, waivers executed with compromise offers are valid under the statute, and such waivers are cumulative in extending the time for collection and do not cancel each other out. United States v. Havner, 8 Cir., 101 F.2d 161.

I must conclude that this action was filed within the six year period as extended.

■ The contention of the City, County and School District that they were not parties to said waivers is without merit.

Section 276(b) requires only that the waivers therein referred to shall be executed by the commissioner and the taxpayer. The rights of the United States in foreclosing its liens are measured by the rights of the taxpayer. United States v. Winnett, 9 Cir., 165 F.2d 149. Thus, if the liens of the United States are valid against the taxpayer by virtue of the extended time under the waivers they attach to taxpayer's property and rights to property under Section 3671, Internal Revenue Code, regardless of whether third parties such as the County, City and School District are parties to the waivers.

It is likewise clear that the liens of the United States for 1936 are not barred by the statute of limitations. Assessments for these taxes were made on January 3, 1941. The time for collection was extended during the period of an offer in compromise which was received on May 11, 1945, and rejected January 21, 1947. These waivers plus the statutory six year period extended the time for collection beyond April 15, 1947, which was the date of this suit.

Now that I have concluded that the liens of the United States against the taxpayer are valid and subsisting, I must determine whether the liens assessed by the County of Westmoreland, Pennsylvania, the School District of Jeannette, Pennsylvania, and the City of Jeannette, Pennsylvania, are prior to the income tax liens of the United States.

The liens of the United States arose on the date the collector received the assessment. 26 U.S.C.A. § 3671; Citizens State Bank of Barstow, Tex. v. Vidal, 10 Cir., 114 F.2d 380.

■ Since the liens of the United States for 1920 to 1922, inclusive, are in an amount far in excess of the value of the real estate involved, it will be unnecessary to consider the priority question with respect to the 1936 liens. Therefore, I will discuss the priority of the 1920 to 1922 liens over the liens of the County, City and School District.

The collector received the assessment lists for 1920 to 1922 taxes on or about August 12, 1935, and made notice and demand on August 13, August 24 and September 4, 1935. Thus these taxes became liens under Section 3670, Internal Revenue Code, against all property and rights to property of the taxpayer on August 12, 1935, which was long prior to the dates when any of the liens of the County, City and School District arose.

The taxes of the local taxing units for 1939 (the first year involved as to them) did not become liens on taxpayer's real estate

until January 20, 1939, February 25, 1939, and May 8, 1939, respectively. All of these dates were long subsequent to the dates of the Government's liens which arose in 1935. The remaining tax liens of the local taxing units arose on still later dates. It is, therefore, clear that the liens of the United States were prior in point of time to all of the liens of the County, City and School District.

■ Since the tax liens of the United States were not filed with the clerk of the United States District Court and the Prothonotary of Westmoreland County until July 27 and July 29, 1939, while the taxes of the local taxing units became liens on the taxpayer's real estate on January 20, 1939, February 25, 1939, and May 8, 1939, the crucial issue arises as to whether the local taxing authorities were entitled to notice of said United States liens, and thus would be entitled to priority for lack of notice, or whether notice of tax liens to the local taxing authorities is not a prerequisite to securing priority of liens of the United States.

The Internal Revenue Code provides that liens of the United States shall not be valid as against mortgagees, pledgees, purchasers, or judgment creditors, until notice thereof has been filed by the collector as provided. 26 U.S.C.A. § 3672(a).

It is my considered judgment that the County, City and School District were clearly neither mortgagees, pledgees, purchasers nor judgment creditors so as to be entitled to notice of tax liens pursuant to Section 3672 of the Internal Revenue Code, but were merely lienholders at least prior to their purchase of the property on April 23, 1942. Between the United States and these bodies, the liens of the United States were first in time.

The real estate herein involved was sold by the local taxing units for delinquent taxes and was purchased by the County Commissioners as trustees for the various taxing authorities involved. However, even if we assume for the sake of argument that the County Commissioners were bona fide purchasers within the purview of Sec-tion 3672(a), the fact remains that there was no sale or transfer to the County Commissioners until April 23, 1942, which was long subsequent to the dates on which notices of the federal tax liens were filed on July 27 and July 29, 1939.

■ Where as here notice of the Government's lien is filed under Section 3672, Internal Revenue Code, before the rights of judgment creditors or purchasers arise, the United States is entitled to priority over such subsequent judgment creditors or purchasers. Miller v. Bank of America, N.T. & S.A., 9 Cir., 166 F.2d 415; United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53.

■■ The action taken by the local taxing units in selling the property here involved for delinquent taxes and purchasing such property themselves through the use of the County Commissioners as their trustees cannot destroy the valid effect of the prior tax liens of the United States notice of which was filed prior to the sale. Liens for federal taxes cannot be extinguished by the sale of property to which the liens attached by other lienholders except under proceedings authorized by Congress under which the other lienholders' rights are established to be prior to the liens of the United States. Metropolitan Life Insurance Co. v. United States, 6 Cir., 107 F.2d 311, certiorari denied 310 U.S. 630, 60 S.Ct. 978, 84 L.Ed. 1400; Integrity Trust Co. v. United States, D.C.N.J., 3 F.Supp. 577.

Accordingly, I must conclude that the United States is entitled to foreclose all of its liens against the real estate of the taxpayer and that the liens of the United States are prior to all of the liens of the County of Westmoreland, the School District of Jeannette, and the City of Jeannette, Pennsylvania.

The United States of America is directed to submit an appropriate order for judgment to the court in accordance with the findings and conclusions set forth herein on or before the 14th day of February, 1953.