ALBERT GERARD, TAX COLLECTOR, *v.* BENJAMIN C. DUNCAN.

1. TAXATION. *Insolvent bank. Assignment. Duty of assignee. Code* 1892, § 3755.

 Under Code 1892, § 3755, providing that every taxpayer, when requested, shall make out and deliver to the assessor a true list of his taxable personal property, held in his own right or as trustee or otherwise, on February 1st preceding, the notes and solvent credits of an insolvent bank, passed to an assignee by a general assignment before February 1st in any year, are taxable in the hands of the assignee and he should render them to the assessor.

2. SAME. *Double taxation.*

 The fact that the creditors of an insolvent bank, whose solvent credits are taxed in the hands of an assignee, have the debts due them from the bank assessed against them does not constitute double taxation.

FROM the chancery court of Grenada county.

HON. JULIAN C. WILSON, Chancellor.

Duncan, the appellee, was complainant, and Gerard, tax collector, appellant, the defendant in the court below. From a decree in complainant's favor the defendant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*S. A. Morrison,* for appellant.

*William C. McLean,* for appellee.

[The briefs of counsel in this case could not be found by the reporter.]

TRULY, J., delivered the opinion of the court.

The bill of complaint herein was filed by B. C. Duncan, assignee of the Merchants' Bank of Grenada, Miss. The bill discloses the following state of facts: On the 26th day of January,

1903, the Merchants' Bank of Grenada, Miss., a corporation of this state, executed, through its proper officers, a general assignment, in which the following provision occurs: "The said party of the first part hereby conveys, warrants, sells, transfers, assigns, and sets over unto said party of the second part all of its property of every kind and character, real estate, all moneys, notes, accounts, choses in action, bills receivable, and any and all other property of every kind and character and wherever situated that belongs to said party of the first part." On the same day the said B. C. Duncan, assignee, as required by law, filed a petition to the chancery court setting up the general assignment executed by the bank; stating that it was valid and legal and executed in good faith, and that the estimated value of the property assigned was the sum of $125,000. With said petition the said assignee filed a bond, as receiver, for the sum and conditioned according to law, and in full compliance with ch. 8, Code 1892. The bill further recites that the assets of the bank so conveyed were insufficient to pay in full its creditors, and that the total amount of the indebtedness of the bank was the sum of $99,227.39, the assets being much less than this amount. Further, that A. Gerard, marshal, as assessor and tax collector of the city of Grenada, had on a day subsequent to February 1, 1903, assessed the said Merchants' Bank (B. C. Duncan, assignee) with the sum of $36,000 for money and solvent credits; that the shares of stock of said bank were of no value whatever, and that neither the bank nor the holders of the shares of its capital stock were liable for taxes for the year 1903; that the solvent credits and notes which were in the possession of the assignee were in fact the property of various parties, many of whom lived outside of the city of Grenada, and therefore were not liable to be assessed for municipal taxes by the said city; that the said tax collector claimed that there was due to the city the sum of $504, municipal taxes levied upon the said sum of $36,000 for the year 1903, and unless restrained by the court would proceed to enforce the collection

of said sum, wherefore an injunction was prayed for and grant-
ed by the court. The bill of complaint was sworn to and filed
on the 3d of January, 1904, by B. C. Duncan, assignee and re-
ceiver, and process and injunction were issued as therein prayed.
To this bill a demurrer was filed upon the ground that there
was no equity on the face of the bill, and that it presented no
cause of action against the defendant. Upon the presentation
of the demurrer, in addition to the facts stated in the bill of
complaint, it was agreed that the personal assessment roll of
the city of Grenada showed the following assessment, "Mer-
chants' Bank, B. C. Duncan, assignee;" that the city was au-
thorized to levy and collect taxes on every description of prop-
erty whatsoever, and that the marshal was clothed with the
same power and authority in reference to the assessment and·
collection of taxes as were conferred by the law upon the assess-
ors and tax collectors of state and county taxes. The demurrer
to the bill was overruled, and from that interlocutory decree an
appeal was granted the tax collector.

It is contended on the part of the appellee that, under our
state laws devising a special scheme for the taxation of banks,
only the value of the shares of the capital stock of each bank is
assessed—these being assessed against the bank itself—and that
the same rule governs the assessment of banks, whether the
bank be a state or national institution. So it is said in the in-
stant case, as the bill of complaint expressly avers the utter
worthlessness of the shares of capital stock, and as this aver-
ment is by the demurrer admitted to be true, the shares of cap-
ital stock—the property which the law requires to be assessed—
being confessedly worthless, there was nothing to assess, and no
means whereby any estimate of valuation could be arrived at,
and therefore the demurrer was properly overruled. The case
of *Rosenblatt* v. *Johnston,* 104 U. S., 462 (26 L. ed., 832), is
relied on as authority for this position. We are unable to see
that the rule announced in that case can in any wise control
under the facts disclosed by this record. There is a difference

in the method pursued in dealing with the assets of a national bank, which may or may not be insolvent, after being placed in the hands of a receiver, and the legal principles governing the collection and distribution of the assets lately belonging to an avowedly insolvent state bank. But it is not necessary for us to enter upon any general discussion of this subject or to consider anything but the one question of the liability to taxation of the assets or property of such institution while in the hands of a receiver and before final distribution of the proceeds. All that appellee contends for in reference to the assessment of banks may be conceded. It may be granted, if the shares of the capital stock of a bank are worthless, or are worth less than par, that it is the intent of the law they should be assessed only at their real value. In the instant case no effort is made to assess the capital stock of the Merchants' Bank of Grenada, nor to assess solvent credits and notes as the property of that bank. Under the facts stated in the bill, and as they appear in the general assignment, the Merchants' Bank of Grenada was not at the date of the assignment the owner of any of the property which was assessed by the tax collector of the city of Grenada and which forms the subject of this litigation. As shown by that assignment, the bank had voluntarily and absolutely divested itself of all claim to the control or ownership of any property, and the petition of the assignee shows that the estimated value of the property conveyed to him was $125,000. It will be noted that this transfer of property was made on the 26th of January, 1903, before it was proper, under our fiscal scheme, to assess any property for taxation for that year and when in fact no property was liable to taxation. Section 3748, Code 1892, provides that "all taxable property held by any person before the first day of February shall be assessed and taxes thereon paid for the current year." Property is assessed for purposes of taxation to the person legally holding the same on the 1st day of February annually. On this day of the year 1903 the bill of complaint affirmatively shows that the property

in question was legally in the possession of B. C. Duncan, assignee of the Merchants' Bank of Grenada. Under such circumstances it could not have been rightfully assessed to the bank for the current year, for the manifest reason that the bank had ceased to be the owner before the property became liable to assessment for that year. And this fact sharply accentuates one distinction as to the assessment and taxation of its assets between the legal status of an insolvent state bank after disposing of its assets by general assignment, and a national bank whose assets and affairs have been placed, by order of the comptroller of the treasury, under the control of a receiver. The former has voluntarily divested itself of title. The latter remains a legal entity, retaining the legal rights to its assets, subject, however, to the control and management of another officer. The stock of the one is not assessed, because valueless, and because its property has passed into other hands. The stock of the other, "if the shares have any value," "are taxable in the hands of the holders or owners," because it still has possession of the property, and the basis upon which the value of the stock is calculated. *Rosenblatt* v. *Johnston, supra; Bank of Bethel* v. *Pahquioque Bank,* 14 Wall., 398 (20 L. ed., 840).

It is the policy of our law, repeatedly expressed, that all property not specially exempted shall bear its just proportion of taxation. Therefore the only further inquiry presented by this record is, To whom should the property have been assessed on the 1st day of February, 1903, or, if overlooked at that time, upon a subsequent day? The answer is furnished by § 3755, Code 1892, in the following words: "Each person shall, when required, make out and deliver to the assessor a true list of his taxable personal property, with the value of each article, specifying all such property of which he was possessed on the 1st day of February preceding, in his own right, or in the right of his wife, or as executor, administrator, guardian, trustee, or otherwise, rendering separate lists of the property of each." Therefore it was the duty of B. C. Duncan, when required by

the proper assessor, to have filed a list of all property which he was possessed of on the 1st day of February preceding, as assignee of the Merchants' Bank of Grenada; and, failing to do this, it was the duty of the assessor of the city of Grenada to assess said property, as property having escaped taxation, at the fair value thereof.

We see no force in the argument of appellee that this property was not properly assessed to the assignee, because, as solvent credits, it belonged to numerous persons, many of whom resided without the corporate limits, and beyond the taxing control, of the city of Grenada. Assuming that it was the duty of all the creditors of the bank to assess their proportion in the assets of said bank upon their individual assessment as "indebtedness probably collectible," and this was in fact done, still it would not constitute double taxation, and would not render this assessment invalid. It is certainly settled in this state, beyond cavil or disputation, that the person being lawfully possessed of property must list the same for purposes of taxation, and the mere fact that such property in some wise represents an indebtedness which is also due to or by another person does not relieve it from this burden. Besides, in the case at bar the creditors of the Merchants' Bank were not the owners of the notes and solvent credits assesssed to the assignee. They were simply entitled to share ratably in the proceeds thereof under the terms of the assignment.

Without reference, therefore, and without deciding the true rule as to the assessment of shares of capital stock of banks, whether state or national, where the market value thereof is less than their face value, it is manifest to our minds that the assessment in the instant case was lawful and must be upheld.

*Wherefore the decree is reversed, the demurrer sustained, and the bill dismissed.*