## GRAND PRAIRIE STATE BANK v. UNITED STATES.

### No. 14325.

United States Court of Appeals
Fifth Circuit.

June 30, 1953.

Archie C. Price, Grand Prairie, Tex., John A. Erhard, Dallas, Tex., Philip Wilson, Dallas, Tex., of counsel, for appellant.

Carolyn R. Just, Sp. Asst. to Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., Charles S. Lyon, Asst. Atty. Gen., William Cantrell, Jr., Asst. U. S. Atty., Dallas, Tex., H. Brian Holland, Asst. Atty. Gen., Fred E. Youngman, Sp. Asst. to Atty. Gen., Frank B. Potter, U. S. Atty., Ft. Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

Notices of tax liens in the total amount of $172,242.97 were filed by the Collector of Internal Revenue for the Second District of Texas with the County Clerk, Tarrant County, Texas, against H. L. Stripling and his wife, Billa I. Stripling, residents of Tarrant County, on April 6, 1949, May 19, 1951 and November 9, 1951.[1] On January 7, 1952, appellant, in the due course of its business at Grand Prairie, Dallas County, Texas, loaned to H. L. Stripling the sum of $5,050 and accepted his promissory note in that amount payable in 60 days. Contemporaneously with this transaction Stripling delivered to appellant one man's dia-

---

1. These notices, representing tax assessments made against the taxpayers and evidencing a lien in favor of the United States upon all property and rights to property, whether real or personal belonging to the Striplings, were filed pursuant to 26 U.S.C.A. § 3672(a) (1) and were recorded as provided by Article 6644, Vernon's Civil Statutes of Texas.

206 F.2d—14½

mond ring with a stone weighing 5.26 carats and one woman's diamond ring with a center stone weighing 3.5 carats, having an aggregate value of approximately $10,000, as collateral security for the loan. He also executed a separate collateral agreement and a chattel mortgage covering the rings as evidence of the pledge.

The Collector, acting by and through his deputy collector proceeding under §§ 3690, 3710(a) of the Internal Revenue Code,[2] caused to be served upon G. H. Turner, appellant's president, notices of levy making demand upon appellant to deliver to him all property and rights to property in its possession belonging to the Striplings. These notices were served on February 8, and on February 11th a final notice and demand was served upon appellant with respect to each of the taxpayers. Upon appellant's failure to respond to the notices of levy and after Mr. Turner orally notified the deputy collector that appellant would not make delivery of the rings unless compelled to do so by an order of the court, this action was instituted by the United States[3] against the taxpayers and appellant, praying that its liens for taxes be enforced against the rings; that all claims to and liens upon the rings be determined and that they be ordered sold for the payment of such liens so adjudged; and that the United States have judgment against appellant in a sum equal to the value of the rings. The taxpayers failed to appear and answer the complaint. Appellant answered and denied that it was liable to the United States and that the liens for taxes were valid as against its claim against the rings. The substance of appellant's defenses was that it acquired its lien upon the property for valuable consideration in good faith without notice, actual or constructive, of the liens for taxes, therefore, such liens are inoperative as to its lien for the reason that the Collector failed to file the notices of tax liens in Dallas County where appellant has its place of business and where the property was located on January 7, 1952.

The trial court held that the liens of the United States, having been filed for record in the county of the taxpayers' residence prior to the date appellant acquired its lien against the property, are superior to appellant's lien, and ordered that the rings be delivered to the United States Marshal to be sold and that the proceeds of such sale be applied as a credit against the tax assessments.

■ When a taxpayer fails or refuses to pay taxes due the United States after demand for payment has been made, such taxes, together with interest, penalty and other additions, shall be a lien upon all property and rights to property belonging to such taxpayer.[4] Unless another date is specifically fixed by law, the lien arises at the time the assessment list is received by the collector.[5] However, such lien is not valid as against any mortgagee, pledgee, purchaser or judgment creditor until notice thereof has been filed by the collector in the office in which the filing of such notice is authorized by the law of the state in which the property subject to the lien is situated.[6] After notice of lien has been filed such lien is enforceable against any mortgagee, pledgee, purchaser or judgment creditor of the taxpayer whose interest in, or claim against, property or rights to property belonging to the taxpayer arose subsequent to the filing of the notice of lien.[7] As we said in United States v. Peoples Bank, 5 Cir., 197 F.2d 898, 899, "The recording of such a lien has no retroactive effect, but clearly it takes rank as of the time it was filed and is superior to other

2. 26 U.S.C.A. §§ 3690 and 3710(a).

3. Apparently under Title 26 U.S.C.A. §§ 3678(a) and 3710(b).

4. 26 U.S.C.A. § 3670.

5. 26 U.S.C.A. § 3671.

6. 26 U.S.C.A. § 3672(a) (1). In the event the state in which the property is situated has not by law authorized the filing of such notice, provision is made in 26 U.S.C.A. § 3672(a) (2) for the filing of notice of lien in the office of the clerk of the United States District Court for the judicial district in which the property subject to the lien is situated.

7. United States v. Phillips, 5 Cir., 198 F.2d 634, 636.

liens perfected thereafter." It necessarily follows that the proper filing and recordation of notice of lien as contemplated by the statute is notice to all the world of the lien of the United States for taxes.

Appellant contends, however, that although the notices of liens were properly filed in Tarrant County, the domicile of the taxpayers, the failure of the Collector to file these notices for record in Dallas County prior to the time it acquired its claim against the rings operates to subordinate the liens of the United States to its lien. Relying upon 26 U.S.C.A. § 3672(b) (1),[8] appellant contends that its transaction with Stripling "comes within the protective provisions of the law by intendment and analogy." Further, it is contended that the court erred in decreeing a foreclosure of the tax liens, in ordering that the rings be sold and in directing that the proceeds of the sale be delivered to the Collector to be applied as payment on the tax assessments.

 It is argued that because of the transitory nature of the property in question, and of personal property in general, the notices of tax liens recorded in Tarrant County are ineffective to give constructive notice to a mortgagee or pledgee that acquired its claim against the property after it was removed from that county. Appellant recognizes the general principle that the *situs* of personal property is regarded as being the same as the domicile of its owner, but urges that when the property was reduced to its possession in Dallas County it acquired a *situs* in that

county and the failure of the United States to have its liens recorded there defeats its claim. The statute, however, does not require a tax lien to be filed in every county to which personal property may be carried in order to be enforceable against a subsequent mortgagee or pledgee. The requirement that notice of lien be filed in the office in which the filing of such notice is authorized by the law of the state in which the property subject to the lien is situated is satisfied, so far as is pertinent here, when such notice is filed in the county of the taxpayer's domicile. See Investment & Securities Co. v. United States, 9 Cir., 140 F.2d 894. It is the transitory nature of personal property which requires the application of this rule. To hold otherwise, would be to overlook the practical necessities of the situation and would require the Collector to file tax liens in every jurisdiction to which the taxpayers may at any time remove the property. We do not think this result was intended by the statute, nor do the laws of Texas relating to the recording of liens against personal property require a different result. Article 5490, Vernon's Civil Statutes of Texas; Trinity State Bank v. Bowie Contracting Co., Tex.Civ.App., 232 S.W.2d 863.

██ Appellant's contention that its transaction with Stripling falls within the securities exemption of the statute is likewise without merit. A security, as defined by the statute,[9] clearly does not include diamond rings.

It follows that since the trial court properly held that the liens of the United States

8. "Exception in case of securities. Even though notice of a lien provided in section 3670 has been filed in the manner prescribed in subsection (a) of this section * * * the lien shall not be valid with respect to a security, as defined in paragraph (2) of this subsection, as against any mortgagee, pledgee, or purchaser, of such security, for an adequate and full consideration in money or money's worth, if at the time of such mortgage, pledge, or purchase such mortgagee, pledgee, or purchaser is without notice or knowledge of the existence of such lien."

9. 26 U.S.C.A. § 3672(b) (2): "Definition of security. As used in this subsection the term 'security' means any bond, debenture, note, or certificate, or other evidence of indebtedness, issued by any corporation * * *, with interest coupons or in registered form, share of stock, voting trust certificate, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for, or warrant or right to subscribe to or purchase, any of the foregoing; negotiable instrument; or money."

were paramount, it did not err in decreeing a foreclosure of the liens against the property in question and in ordering it sold in payment of the tax assessments. 26 U.S. C.A. § 3678.

Judgment affirmed.