**In re Douglas A. & Cathy E. ESCHENBACH, Debtors.**

No. 00–45215–BJH–13.

United States Bankruptcy Court, N.D. Texas, Fort Worth Division.

Sept. 14, 2001.

Behrooz P. Vida, Venable & Vida, Bedford, TX, for Debtors.

G. Hobart Miller, Department of Justice (IRS), Dallas, TX, for Respondent.

### MEMORANDUM OPINION
### AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Douglas and Cathy Eschenbach, the debtors, object to the proof of secured claim filed by the United States on behalf of the Internal Revenue Service. The court held a hearing on the allowance of the IRS claim on August 9, 2001.

The allowance of a claim raises a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(B), 1334. This memorandum opinion contains the court's findings of fact and conclusions of law. Bankruptcy Rules 7052, 9014.

The facts are basically undisputed. Previously, the debtors lived in Martin County, Florida. On September 22, 1997, while the debtors lived in Martin County, Florida, the IRS filed a notice of federal tax lien in the Martin County courthouse. The notice of lien covers federal income taxes for 1994 and 1995 and applies to real and personal property.

Thereafter, the debtors moved to Tarrant County, Texas. On October 2, 2000, the debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code. The IRS filed a proof of secured claim for unpaid 1995 taxes which, as of the petition date, totaled $5,906.12.

According to the debtors' schedules, they owned personal property on October 2, 2000, valued at greater than $5,906.12. Accordingly, the IRS, asserts that it has a fully secured claim. However, the debtors contend that before they moved from Florida to Texas, they only owned personal property valued at $3,000.

On May 31, 2001, the debtors filed an objection to the IRS' proof of secured claim. The debtors asserted that the lien only applied to personal property in Florida, but that the debtors no longer owned personal property in Florida. At the hearing the debtors refined the issue. The debtors stipulated that the lien covered all personal property that they owned in Florida and that the lien followed that property when they moved to Texas. But, the debtors contend that the lien does not cover the personal property that they acquired in Texas. Therefore, they maintain that the secured claim must be limited to the $3,000 of value of the property that they acquired while living in Florida, making the remainder of the claim unsecured. 11 U.S.C. § 506(a).

As a result of this position, the parties agree that the court must decide whether a notice of federal tax lien for personal property, properly filed in the county where the taxpayer resided at the time the notice is filed, attaches to personal property acquired by the taxpayer after the taxpayer moves to a county in another state? If it does, then the IRS must be allowed its secured claim. However, if it does not, then the IRS would be allowed a secured claim of $3,000, with the balance of the claim allowed as unsecured. See 11 U.S.C. § 506(a).

■ If a person fails to pay their taxes, then the Internal Revenue Code imposes a lien for unpaid taxes upon the delinquent

taxpayer's property. Under 26 U.S.C. § 6321, a federal tax lien arises:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States *upon all property* and rights to property, whether real or personal, *belonging to such person* (emphasis added).

The tax lien attaches to the taxpayer's property upon the filing of a notice of lien. 26 U.S.C. § 6323(a). For a taxpayer's personal property, the Internal Revenue Code deems the property situated at the residence of the taxpayer at the time the notice of lien is filed. 26 U.S.C. § 6323(f)(2)(B). The lien applies to all the taxpayer's property until either the taxpayer satisfies the liability or the statute of limitations on collection runs. 26 U.S.C. § 6322.

The notice of federal tax lien must be filed in accordance with 26 U.S.C. § 6323, which states that "[t]he lien imposed by section 6321 shall not be valid . . . until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." Subsection (f) requires the IRS to file the notice of its lien according to laws of the state of the taxpayer's domicile. The Florida Uniform Federal Lien Registration Act requires that notices of federal tax liens for personal property be filed in the county where the taxpayer resides. Fla. Stat. Ann. § 713.901 (West 2001).

On September 22, 1997, the IRS filed its notice of federal tax lien in Martin County, Florida, where the debtors then resided. Consequently, under the Internal Revenue Code, from that time until the tax liability is paid, the lien attaches to all property belonging to the taxpayer, and all property belonging to the taxpayer during that period of time is deemed situated in Martin County, Florida. Thus, wherever the taxpayer roams after September 27, 1997, the tax lien applies to his property until either the tax liability is paid or collection is barred by the statute of limitations, as if the taxpayer never left Martin County, Florida.

Accordingly, the United States Supreme Court has held that a federal tax lien attaches to any "property owned by the delinquent at any time during the life of the lien." *Glass City Bank of Jeanette, Pa. v. United States,* 326 U.S. 265, 268–69, 66 S.Ct. 108, 90 L.Ed. 56 (1945). If a federal tax lien arises pursuant to § 6321, then it attaches (and remains attached) to all property belonging to the debtor, including any after-acquired property, until paid. See *United States By and Through IRS v. McDermott,* 507 U.S. 447, 448, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993); *In re Orr,* 180 F.3d 656, 660 (5th Cir.1999). Additionally, once properly filed, the lien attaches to property no matter where it is located. *Grand Prairie State Bank v. United States,* 206 F.2d 217, 219–20 (5th Cir.1953). Moreover, the lien remains valid even if the debtor leaves the residence. 26 U.S.C. § 6323(f)(2)(B); *United States v. Cohen,* 271 F.Supp. 709, 715 (S.D.Fla. 1967).

In this case, the debtors concede those points. But, they observe that relocation to a different state significantly changes the analysis. As previously stated, a federal tax lien follows the taxpayer and his property when the taxpayer relocates to a different state. However, to be effective against third parties, the Internal Revenue Code requires that notice of federal tax liens be filed as designated by the state of the taxpayer's residence. In this case, the debtors contend that if the tax-

payer becomes a resident of a different state, then, to attach to property acquired in the new state, the IRS must file another notice of federal tax lien in the manner designated by the new state. The debtors argue that this interpretation of the law accords meaning to the requirement that the notice of federal tax liens for personal property be filed as designated by the several states and is consistent with lending practices under the Uniform Commercial Code.

The Internal Revenue Code does not require the IRS to file a tax lien in every county to which a taxpayer could carry personal property. See 26 U.S.C. §§ 6321 and 6323; *Grand Prairie State Bank*, 206 F.2d at 219. "To hold otherwise, would be to overlook the practical necessities of the situation and would require the Collector to file tax liens in every jurisdiction to which the taxpayers may at any time remove the property." *Id.* Similarly, by providing that the lien attaches to all property "belonging to" the taxpayer, 26 U.S.C. § 6321, for the period until paid, 26 U.S.C. § 6322, with the property deemed situated at the taxpayer's residence at the time the notice of lien is filed, 26 U.S.C. § 6323(f)(2)(B), the Internal Revenue Code eliminates any need for the IRS to file tax liens in every jurisdiction to which a taxpayer may move and acquire new property. The IRS need not chase taxpayers, filing in every state to which the taxpayer moves. Taxpayers cannot pocket tax money, move to another state and acquire new property, thereby avoiding the IRS' lien. Moreover, the broad statutory language that appears in § 6321

"reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." See *United States v. National Bank of Commerce*, 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). In fact, "stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Glass City Bank v. United States*, 326 U.S. at 267, 66 S.Ct. 108.

The notice of tax lien filed September 27, 1997, captures all the debtors' personal property as if the debtors never left Martin County, Florida.

The Internal Revenue Code cannot be compared to the Uniform Commercial Code. Collection of taxes to finance the United States operates in a difference sphere than perfection of security interests for commercial transactions. Besides, for registered organizations, recent revisions to the Uniform Commercial Code result in filing of financial statements in the place of incorporation, regardless of the location of the collateral. *See, e.g.,* U.C.C. § 9–301, 307 (1998).

Finding that the tax lien attaches to the debtors' property acquired in Texas,

**IT IS ORDERED** that the objection to the claim of the United States is **OVER-RULED** and the claim is **ALLOWED**.