**In re Christopher J. and Tina M. KRUMMEL, Debtors.**

**No. 5:09–bk–70257.**

United States Bankruptcy Court, W.D. Arkansas, Fort Smith Division.

April 5, 2010.

David G. Nixon, Nixon Law Firm, Fayetteville, AR, for Debtors.

### Order Overruling Debtors' Objection to Claim of IRS

BEN T. BARRY, Bankruptcy Judge.

Before the Court is the debtors' objection to the claim of the IRS that was filed on November 18, 2009: "That Debtors object to the filed claim of Internal Revenue Service to the extent said claim is filed as secured." The Court scheduled the objection to claim for hearing on January 13, 2010. On January 12, 2010, the parties filed their Joint Stipulation of Fact, and at the hearing on January 13, requested time to brief the specific issue(s) before the Court. The Court granted the parties' request and has reviewed their respective briefs. For the reasons stated below, the Court overrules the debtors' objection to the claim of the IRS.

A review of the parties' respective briefs and the agreed stipulations of fact reveals that the primary issue before the Court is whether the IRS tax lien that was filed in Washington County, Arkansas, in 2005, remained properly perfected upon the debtors' subsequent move from Washington County to Madison County, Arkansas, in May 2007. If the lien did not remain perfected, the debtors argue that the lien can be avoided under the avoidance statutes of the bankruptcy code, and that the IRS only holds an unsecured claim against the debtors. The parties stipulated that the debtors were indebted to the IRS as of

January 22, 2009, the date the debtors filed their petition, in the amount of $10,611.69 as a result of an assessment entered on April 11, 2005. They also stipulated that a Notice of Filing of Federal Tax Lien was filed in Washington County, Arkansas, on November 18, 2005. As of the date of the petition, the debtors had $16,838.00 of personal property, which the debtors acknowledge is essentially the same personal property they had in Washington County when the tax lien was filed.

According to the IRS, it holds a secured claim under 26 U.S.C. § 6321 in the debtors' personal property. Section 6321 states that if any person liable to pay taxes fails to do so after demand, the amount shall be a lien on "all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. In this instance, the tax lien attached to the debtors' personal property on April 11, 2005, the date of the assessment. *In re Nerland Oil, Inc.,* 303 F.3d 911, 916 (8th Cir.2002) (stating that federal tax lien attaches and becomes choate at assessment and that lien's priority order is based on the time the lien is assessed, not when it is filed). Further, the lien continues until the liability is satisfied or collection becomes unenforceable by reason of lapse of time. 26 U.S.C. § 6322.

Even though the lien attaches to the debtors' personal property upon assessment, the lien is not valid "against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor" until a notice of lien is filed in accordance with § 6323(f) of the tax code. 26 U.S.C. § 6323(a). Section 6323(f) requires that for personal property, a notice of lien be filed "in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated...." 26 U.S.C. § 6323(f)(1)(A)(ii). Under Arkansas law, federal tax liens on personal property need to be filed in the circuit clerk's office of the county where the person resides at the time of filing of the notice of lien. Ark. Code Ann. § 18–47–202(c)(4) (Repl.2003). In this case, the parties stipulated that the notice of lien was filed in Washington County on November 18, 2005, the county in which the debtors resided at the time. Under these provisions of the tax code and the facts before the Court, the Court finds that the IRS has a choate lien against the debtors' personal property by virtue of an assessment entered April 11, 2005, and the lien was properly perfected under Arkansas law and in accordance with 26 U.S.C. § 6323(f) as of the date of filing the notice of lien, November 18, 2005. At this juncture of the analysis, the IRS has a secured claim.

The debtors argue that because they moved from Washington County to Madison County, the IRS was required to refile its lien in Madison County to maintain its perfected status. The Court disagrees. The Arkansas statute requires a federal lien to be filed in the county where the person against whose interest the lien applies resides *at the time of filing of the notice of lien.* Upon filing, the statutory lien held by the IRS was properly perfected "against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor." The tax code goes on to state that personal property subject to a lien is *deemed to be situated* at the residence of the taxpayer *at the time the notice of lien is filed.* 26 U.S.C. § 6323(f)(2)(B). This language eliminates the need for the IRS to file tax liens in every location to which a taxpayer may move by creating a fiction and *deeming* the property situated at the location where the property was located when the lien was filed. *In re Eschenbach,* 267 B.R. 921, 924 (Bankr.N.D.Tex.2001). This means

that "once properly filed, the lien attaches to property no matter where it is located." *Id.* at 923 (citing *Grand Prairie State Bank v. United States,* 206 F.2d 217, 219–20 (5th Cir.1953)). In this instance, the debtors' personal property is deemed to be situated in Washington County where the notice of lien was filed, and the IRS maintains its perfected status. More specifically, the Court finds that the claim of the IRS is secured and overrules the debtors' objection.

■ Because the Court finds that the IRS lien is perfected even though the debtors moved to Madison County after the lien notice was filed, the debtors' argument regarding 11 U.S.C. §§ 544(a)(3), 545(2), and 522(h) is moot. However, even if the IRS's lien was not perfected, the debtors would still not be able to avoid the IRS's lien under those code provisions, as argued. Taken in order, § 522(h) allows a debtor to stand in the shoes of the trustee and avoid a transfer of property under §§ 544 and 545, if the trustee does not attempt to avoid such transfer. 11 U.S.C. § 522(h). Because the trustee did not attempt to avoid the transfer, the debtor may proceed under that section. Section 544(a)(3) refers specifically to the trustee's avoiding powers with regard to a bona fide purchaser of real property and, therefore, is not applicable in this instance. Finally, § 545(2) allows a trustee to avoid a statutory lien to the extent the lien "is not perfected ... against a bona fide purchaser that purchases such property at the time of the commencement of the case." Again, assuming the IRS's lien was not perfected, a notable exception was added with the enactment of BAPCPA in 2005 to limit the application of § 545(2) with regard to tax liens: *"except in any case in which a purchaser is a purchaser described in section 6323 of the Internal Revenue Code of 1986 ..."* 11 U.S.C. § 545(2).

■ The avoidance of a statutory lien is a matter of either state law or federal law, depending upon where the lien is created. *United States v. Hunter (In re Walter),* 45 F.3d 1023, 1029 (6th Cir.1995). When a lien is created by federal law, as is the case for a federal tax lien, federal law will determine who is a bona fide purchaser and whether a bona fide purchaser can avoid the lien. *Id.* at 1030. Section 6323(b) of the tax code contains a list of purchasers against whom a properly filed notice—and as a result, a properly perfected tax lien—does not apply. A purchaser is defined by the tax code as a person who, "for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property." 26 U.S.C. § 6323(h)(6). Under this definition, the bankruptcy trustee—and, pursuant to § 522(h), the debtor—is not a purchaser recognized under § 6323(b) of the tax code. A trustee acquires her interest in property as a hypothetical bona fide purchaser under § 545(2), not for adequate and full consideration in money as required by the tax code. And because only a purchaser as defined in the tax code has protection from a statutory tax lien, the power conferred on the trustee under § 545(2) is not sufficient to satisfy the exceptions provided under § 6323(b). *Berg v. United States (In re Berg),* 121 F.3d 535 (9th Cir.1997) (finding the powers conferred on the trustee by the bankruptcy code are not sufficient to satisfy the conditions of § 6323); *see also* 5 Collier on Bankruptcy ¶ 545.03[4], at 545–11 n. 23 (15th ed. rev.) (2009) (stating that the exception language added to § 545(2) by BAPCPA codifies the decision *of Berg v. United States (In re Berg),* 121 F.3d 535 (9th Cir.1997) and *United States v. Hunter (In re Walter),* 45 F.3d 1023 (6th Cir.1995)). In other words, § 545(2) is not applicable in this instance.

For the above reasons, the Court overrules the debtors' objection to the claim of the IRS and allows the IRS claim as an allowed secured claim in the debtors' case.

IT IS SO ORDERED.