**In re Michael and Sandy CHITMON, Debtor.**

**No. 4:11–bk–15584.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

July 26, 2012.

690

James R. Pate, Pate & Swain, Russellville, AR, for Debtor.

***ORDER***

JAMES G. MIXON, Bankruptcy Judge.

On August 30, 2011, Michael and Sandy Chitmon (Debtors) filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The IRS filed a claim in this case in the sum of $88,158.25; the secured portion was in the amount of $9,162.50 and the unsecured portion was in the amount of $79,031.75. On November 15, 2011, the Debtors filed an objection to the claims of the Internal Revenue Service (IRS). The IRS filed a response to the objection on January 26, 2012. A hearing was held on May 18, 2012, and the matter was taken under advisement. Both parties filed briefs in the matter.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I.

## FACTS

The IRS assessed a tax on July 15, 2002, based on tax, interest, and penalties that had accrued against Mr. Chitmon for the 2000 tax year. On October 3, 2005, the IRS filed a tax lien in Mississippi County, Arkansas, where Mr. Chitmon, lived at the time. (See Claim 1–1.) In September of 2006, Mr. Chitmon moved to Heber Springs, in Cleburne County.

Mr. Chitmon took with him a 1969 Dodge Camper trailer which he paid $1,000 for and has since sold for $1,000.00. Mr. Chitmon listed on his schedules that he owned about $2,500.00 worth of furniture and household goods, $300.00 worth of clothing, $100.00 worth of jewelry, $210.00 worth of fishing poles, a tackle and a rifle, two vehicles worth a total of $16,800.00, and a fishing boat worth $650.00. He testified that about $1,250.00 worth of furniture and household goods were brought from Mississippi County and about $1,250.00 worth were acquired in Cleburne County. He testified that his boat was given to him after he moved to Heber Springs in Cleburne County; however, later he testified that he in fact brought his boat from Mississippi County. All of the other listed property, Mr. Chitmon claims was acquired in Cleburne County.

The current amount of the claim the IRS is asserting as secured is $9,126.50. The Debtor's total value of his personal property in his schedules is listed as

$20,625.00. The total value of the secured claims are scheduled as $11,497.64. The IRS does not assert that their lien is superior to the scheduled secured claims, rather they claim to be secured in the equity in the personal property.[1]

## II.

## ARGUMENT

The Debtor argues that the IRS lien does not attach to personal property in Cleburne County because the IRS filed notice in Mississippi County and therefore the IRS only has a general unsecured claim regarding any of property acquired in Mississippi County.

The IRS argues that the tax lien, once properly filed after assessment, attaches to any property or interest in property that the Debtor owned at the time of filing the notice or subsequently acquires regardless of where the Debtor moves.

## III.

## DISCUSSION

A lien arises in favor of the United States in a person's property and interests in property, when a person does not pay his tax liability. 26 U.S.C. § 6321. The law creates a lien upon assessment in favor of the United States on all real and personal property, including after acquired property. *United States v. McDermott,* 507 U.S. 447, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993)(citing *Glass City Bank v. United States,* 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945)). The lien is not valid "against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof ... has been filed." 26 U.S.C. § 6323(a); *United States v. McDermott,* 507 U.S. 447, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993).

Section 6323(f) prescribes the place and form for filing a notice of federal tax lien as follows: "In the case of personal property, [the notice shall be filed] in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1)(A)(ii). Pursuant to Arkansas law, notice should be filed with "the circuit clerk of the county where the person against whose interest the lien applies resides at the time of filing of the notice of lien." Ark.Code Ann. § 18–47–202(c)(4).

Once the notice is properly filed, the lien attaches to property regardless of where the property is located. *In re Krummel,* 427 B.R. 711, 714 (Bankr. W.D.Ark.2010) (citing *Grand Prairie State Bank v. United States,* 206 F.2d 217, 219–20 (5th Cir.1953)). As Judge Barry explained:

> personal property subject to a lien is deemed to be situated at the residence of the taxpayer at the time the notice of lien is filed. 26 U.S.C. § 6323(f)(2)(B). This language eliminates the need for the IRS to file tax liens in every location to which a taxpayer may move by creating a fiction and deeming the property situated at the location where the property was located when the lien was filed. *In re Eschenbach,* 267 B.R. 921, 924 (Bankr.N.D.Tex.2001).

*In re Krummel,* 427 B.R. 711 (Bankr. W.D.Ark.2010).

---

**1.** $11,497.64 + $9,126.50 = $20,624.14. The value of the Debtor's personal property is scheduled as worth a total $20,625.00. Therefore, the total of the secured claims, including the IRS', is 86 cents less than the total value of the scheduled personal property.

## IV.

## ANALYSIS

██ It is undisputed that the IRS properly filed their notice of federal tax lien in Mississippi County. The dispute is simply what is the effect of that lien when Mr. Chitmon moved to Cleburne County. This Court finds that a tax lien, once properly filed, follows the debtor and his property wherever he moves to. Therefore, the IRS has a lien, once they assessed the tax and properly filed their notice, on all of Mr. Chitmon's property, whenever and wherever he acquired it.

## V.

## CONCLUSION

For the foregoing reasons, the Debtor's objection to claim is denied.

IT IS SO ORDERED.